IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TELISA DE'ANN BLACKMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1874-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In a letter to the court dated September 27, 2005, Petitioner Telisa De'Ann Blackman, appearing *pro se*, advises that she intended to file her application for writ of habeas corpus in state court rather than federal court. The court treats the letter as a motion to dismiss.

Fed. R. Civ. P. 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court [ ] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . ." FED. R. CIV. P. 41(a)(1). Respondent has not yet served an answer or a motion for summary judgment. Consequently, petitioner is entitled to a dismissal without prejudice.

**RECOMMENDATION**

Petitioner's motion to dismiss should be granted. This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 3, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE