IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TELISA DE'ANN BLACKMAN § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-05-CV-1874-P |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In a letter to the court received on November 21, 2005, Petitioner Telisa De'Ann Blackman complains of the November 10, 2005 judgment granting her motion to dismiss this habeas case without prejudice. The court construes the letter as a Rule 60(b) motion for relief from judgment.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). Among these terms are mistake, inadvertence, surprise, and excusable neglect. FED. R. CIV. P. 60(b)(1). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Liberally construed, it appears from petitioner's letter that she never intended to have her federal writ of habeas corpus dismissed.[1] This constitutes mistake. Therefore, in the interests of justice, the case should be reopened.

---

[1] The court takes issue with petitioner' statement that "I did not want my case dismissed and I think the court knew that and found a way out of the railroading practices that Dallas County has become notorious for." Pet. Ltr., 11/22/05 at 1. In her prior correspondence to the court, petitioner plainly stated that "I do not want to file my writ in federal court yet as it has not been to state court." Pet. Ltr., 9/30/05 at 1.

**RECOMMENDATION**

Petitioner's motion for relief from judgment should be granted. This case should be reopened and re-referred to the magistrate judge for further proceedings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE