IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TELISA DE'ANN BLACKMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1874-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Telisa De'Ann Blackman, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner was convicted of murder and sentenced to life imprisonment. Her conviction and sentence were affirmed on direct appeal. *Blackman v. State*, No. 05-98-01750-CR, 2000 WL 567985 (Tex. App.--Dallas, May 8, 2000, pet. ref'd). Petitioner also challenged her conviction and sentence on collateral review in state and federal court. Her first state writ was denied without written order. *Ex parte Blackman*, No. 52,123-01 (Tex. Crim. App. Apr. 24, 2002). A federal writ of habeas corpus was dismissed on limitations grounds. *Blackman v. Dretke*, No. 3-04-CV-1834-P, 2004 WL 2173444 (N.D. Tex. Sept. 28, 2004), *rec. adopted*, 2004 WL 2468819 (N.D. Tex. Nov. 2, 2004). Petitioner currently has another writ pending before the Texas Court of Criminal Appeals. *Ex parte Blackman*, No. 52,123-02 (Tex. Crim. App., filed Nov. 22, 2005).

In the instant case, petitioner seeks federal habeas relief on the grounds that: (1) the grand jury and petit jury were selected and empaneled in an unconstitutional manner; (2) the evidence was legally and factually insufficient to support her conviction; (3) the prosecutor engaged in misconduct during voir dire; and (4) the trial court erred in allowing the prosecutor to inform the jury of her prior felony convictions. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.[1]

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found her guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files her application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

---

[1] The court previously dismissed this case without prejudice at petitioner's request. *See* Order, 11/10/05. That judgment was later vacated after petitioner protested that she never intended to have her case dismissed. *See* Order, 12/21/05.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE